IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KARL SHACKELFORD | § | |
| v. | § | CIVIL ACTION NO. 6:07cv336 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>ON PETITIONER'S MOTION FOR LEAVE TO AMEND</u>

The Petitioner Karl Shackelford, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The petition was dismissed on October 18, 2007, and Shackelford's appeal was dismissed for want of jurisdiction. Since then, Shackelford has filed nine motions to amend the petition, despite being told repeatedly that he cannot amend a case which has been closed. He has also filed a motion for reconsideration and a motion for an evidentiary hearing, both of which were denied, and five separate objections to the denials of his motions for leave to amend.

On December 12, 2012, in denying the eighth motion for leave to amend, the Court warned Shackelford that sanctions could be imposed if he persisted in trying to amend his petition. Undeterred, Shackelford filed his ninth motion for leave to amend on April 24, 2013. At the time that he filed it, the district clerk's office gave him a copy of the docket sheet, reminded him that the case was closed, and also reminded him that he could be sanctioned if he tried to amend his petition yet again. Shackelford responded that he understood and that certain "rules" were telling him that he had to file his ninth motion to amend so that the petition can be transferred back to Dallas because of this Court's allegedly improper ruling.

On April 29, 2013, the Magistrate Judge entered a Report recommending that Shackelford's motion for leave to amend be denied. The Magistrate Judge observed that "as Shackelford has been informed on numerous occasions, this case is closed. It cannot be amended. It cannot be transferred to Dallas or anywhere else. The time for filing motions under Rule 60(b) has elapsed. Shackelford's flagrant disregard of the Court's order directing that he file no more motions to amend his complaint invites the imposition of sanctions, an invitation which the Court is constrained to accept." The Magistrate Judge recommended the imposition of sanctions in the amount of $50.00 and that any further documents in the case, other than objections to the Report, a notice of appeal, or payment of the sanctions be filed on the docket as correspondence with no action necessary or returned to the Plaintiff unfiled, in the sole discretion of the Clerk.

In his objections to the Report, Shackelford asks that the Court "consider the facts of the case and the court's purpose in imposing the penalty." He says that in imposing sanctions, the Court should consider "whether the party's claims are objectively frivolous and whether the person who signed the pleading should have been aware that they were frivolous." He asks for relief that his record be expunged, he be awarded damages against the Twelfth Judicial District Court of Appeals, the Texas Department of Criminal Justice, the Texas Department of Public Safety, his defense attorneys, and an unspecified U.S. District Judge, and that the case be transferred, presumably to Dallas.

The Court has considered the facts of the case, including whether Shackelford's pleadings lack merit and whether Shackelford was aware that his pleadings lacked merit. As the Magistrate Judge stated, Shackelford has been told repeatedly that he cannot amend a case which has been closed. He was advised by the Court that he could be sanctioned if he continued to file motions to amend, and the district clerk reminded him of this fact when he filed the present motion for leave to amend. Shackelford was well aware that his present motion lacked merit on his face and would result in the imposition of sanctions at the time that he filed it. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 53) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff Karl Shackelford is hereby sanctioned in the amount of $50.00, payable to the Clerk of the United States District Court for the Eastern District of Texas. It is further

ORDERED that any other pleadings, documents, or filings in this case, *other than* a notice of appeal, an application for leave to proceed *in forma pauperis* on appeal, or payment of the imposed sanctions shall be filed on the docket as correspondence, with no judicial action necessary, or returned to the Plaintiff unfiled, at the sole discretion of the Clerk.

**So ORDERED and SIGNED this 3rd day of June, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**